UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Wilmar Eduardo RAMOS IXCOTOYAC,
                                    Petitioner,

v.

John DOE, WARDEN, et al.,
                                    Respondents.

Case No.:  26-cv-0482-AGS-DDL

**ORDER REQUIRING RETURN**

Unrepresented petitioner Wilmar Ramos Ixcotoyac seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.) At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Ramos Ixcotoyac's petition is thin on details. He claims that he is "detained by [Immigration and Customs Enforcement]," that he "has been held without a *meaningful* bond hearing," and that his continued detention "violates the Due Process Clause." (ECF 3, at 1 (emphasis added).) These allegations are missing some important details: the date his detention began, the circumstances surrounding his detention, and the purported basis for his custody. But his allegation that he hasn't had a "meaningful" bond hearing at least suggests that he was afforded a bond hearing only for the immigration judge to find it is without jurisdiction on account of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), as immigration judges have often found since that case issued.

1

Construing the petition in the light most favorable to this unrepresented petitioner, this challenge is not so "frivolous or incredible as to justify summary dismissal" and thus merits a response. *See Neiss*, 114 F.4th at 1045. The two Courts of Appeals to address the logic underpinning *Yajure Hurtado* disagreed about how to interpret the issue. *Compare Castañon-Nava v. United States Dep't of Homeland Sec.*, 161 F.4th 1048, 1060, 1062 (7th Cir. 2025) (concluding "on this preliminary [motion-to-stay] record" that plaintiffs who are "unlawfully already in the United States" are not "subject to mandatory detention under § 1225(b)(2)(A)"), *with Buenrostro-Mendez v. Bondi*, No. 25-20496, __ F.4th ___, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (holding that, under § 1225(b)(2)(A), petitioners who entered the United States "illegally many years ago" must "be detained" without a bond hearing). But most petitioners have nonetheless obtained habeas relief in functionally identical cases. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"). And a district court recently "vacate[d]" *Yajure Hurtado*—the Board of Immigration Appeals decision that respondents have regularly relied on to mandatorily detain those in petitioner's position. *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, __ F. Supp. 3d __, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).

So, by **February 26, 2026**, the government must answer the petition. Any reply by petitioner is due **March 6, 2026**.

Dated:  February 19, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2